EMILIO R. LIGER, Plaintiff and Appellee, *v.* TOMÁS TORRES, Defendant, and MARCELINO SÁNCHEZ, Defendant and Appellant.

No. 7747. Argued June 20, 1938.—Decided June 24, 1938.

M. *Guzmán Texidor* for appellant. *Sebastián García Díaz* and *Antonio R. Barceló, Jr.,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The plaintiff and appellee seeks a dismissal of the present appeal on the ground that the same is frivolous and has been taken for the purpose of delaying and hindering the proceedings. The following is a summary of the facts:

The plaintiff owns a house, used as a bakery, which he allowed the partnership Díaz & Rodríguez to occupy during repairs to its bakery. Said partnership vacated the building on June 21, 1937, and the key to the premises was handed to its employee, Tomás Torres, who was directed to deliver it to the plaintiff. The latter took again possession of his property by means of a duplicate key which he carried. Tomás Torres kept the key that had been handed to him by Díaz & Rodríguez and without any contract from the plaintiff or without his authorization or consent, leased the property to defendant and appellant, Marcelino Sánchez, who took possession of the premises and still occupies the same against the will of the plaintiff, the owner thereof.

Upon the filing of a petition for an injunction to recover the possession of the premises, Tomás Torres and Marcelino Sánchez were summoned. Only the latter appeared and the default of the former was entered. The case was tried in the District Court of San Juan which found for the plaintiff and ordered that he be restored to the possession of the property and that defendant Marcelino Sánchez be restrained from disturbing or molesting the plaintiff in his possession or holding of the immovable in question.

After careful consideration of the statement of the case filed by the appellant and of his brief in support of his appeal, we agree with the appellee that the frivolousness of the ap-

peal and the purpose sought in taking the same clearly appear from the record.

The evidence introduced clearly shows that the plaintiff had been in possession of the property during the year next preceding the filing of his complaint. By entering the property without the consent of its owner, Tomás Torres became a mere trespasser and could not as such convey any right to the other defendant, Marcelino Sánchez, who is the appellant herein. The court did not err in rendering the judgment appealed from. The appeal is manifestly frivolous. And as, in our judgment, there has been obstinacy in taking the same for the sole purpose of delaying the execution of the judgment appealed from, the appeal must be dismissed as requested in the motion of appellee, and the appellant is adjudged to pay the sum of $100 as the fees of appellee's attorney.